# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLA FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 09-0487-CG-M |
| | ) | |
| AMERICAN HEART ASSOCIATION, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the court on the defendant's amended answer to plaintiff's amended complaint, in which the defendant represents that it obtained the consent of the opposing party to file the amendment. The court notes that the amendment was filed outside the time allowed by the Rule 16(b) Scheduling Order (Doc. 19) issued on October 15, 2009, which was November 13, 2009.

Mere stipulation by the parties is insufficient to extend a deadline in federal court. See, e.g., Orange Theatre Corp. V. Rayherstz Amusement Corp., 130F.2d 185, 187(3d Cir. 1942) (rules of civil procedure require court approval to effectuate a stipulation extending time to answer); In re Lease Oil Antitrust Litigation No. II, 48 F.Supp.2d 699, 707 (S.D.Tex.1998) (same). The court -- and not the litigants -- controls the timetable of this litigation. Had the parties desired an extension of time, their only recourse was to petition the court. Neither plaintiff nor any other federal litigant is empowered to grant unilateral extensions of filing deadlines imposed by the Federal Rules of Civil Procedure.

Nevertheless, the court will construe the parties' stipulation to be a motion to file the amended answer out of time, and hereby **GRANTS** such motion. The parties are warned that

any similar pleading filed in the future will be stricken from the record.

      **DONE AND ORDERED** this 19th day of January, 2010.

                                           /s/ Callie V. S. Granade
                                           CHIEF UNITED STATES DISTRICT JUDGE